# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEROY HAYES, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-83-D |
| | ) | |
| WARDEN BEAR, and, | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 9] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Jones recommended that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 be dismissed without prejudice to refiling.

Specifically, Judge Jones found that to the extent Petitioner was challenging the validity of his state court convictions, § 2254 was the appropriate avenue for relief. Judge Jones further found that Petitioner's claims challenging the Oklahoma state courts' processes failed to state a valid federal claim.

Within the time limits imposed, Petitioner, appearing *pro se*, filed his objections to the Report [Doc. No. 10]. The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* review of the issues presented, the Court fully concurs with Judge Jones' analysis. In his objections, Petitioner renews his argument that he is being detained in violation of federal laws, the Constitution and treaties (as an Indian whose crime was committed within Indian country).[1] *See Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017). Petitioner does not address in an intelligible manner the Court's authority to grant the relief sought by his Petition in an action under § 2241. As explained by the Tenth Circuit in *McIntosh v. U.S. Parole Comm'n*, § 2241 petitions are used "to attack the execution of a sentence … in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

IT IS THEREFORE ORDERED that Petitioner's objections [Doc. No. 10] are OVERRULED and Judge Jones' Report [Doc. No. 9] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is dismissed without prejudice to filing a proper form of action.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

---

[1] Petitioner does not object to the portion of the Report which found his claims challenging the Oklahoma state courts' processes failed to demonstrate any violation of federal law.

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

    IT IS SO ORDERED this 13th day of March 2018.

                                          TIMOTHY D. DEGIUSTI
                                          UNITED STATES DISTRICT JUDGE